PER CURIAM.
Appellant, Alexis Robinson [“Robinson”], appeals the trial court’s order setting restitution upon being sentenced for one count of organized fraud and two counts of criminal use of personal identification information. Because a hearing was not conducted prior to awarding restitution in this case, we vacate the order and remand for a restitution hearing to be held after notice before restitution is awarded.
Robinson entered a plea of nolo conten-dere pursuant to a plea agreement to organized fraud and two counts of criminal use of personal identification information. Kelly Timbrook, an investigator with the Medicaid Fraud Division, who was the case investigator, testified that the loss caused by Robinson’s crimes was $519,416.40. The State sought restitution in the amount of $519,416.40 and a reservation of jurisdiction to determine investigative costs and costs of prosecution.
Robinson was sentenced to community control home confinement until February 1, 2008, to allow time to deal with some medical problems. Robinson was also sentenced to fifteen years on counts I and II and twelve years on count III, all to be served concurrently. The court ordered restitution in the amount $519,416.40, payable through collection court. The trial judge ordered that Robinson report to the collection court, within thirty days after release from DOC, to be placed on a payment schedule.
Robinson filed a motion to set aside judgment, objecting to a lack of notice or an opportunity to present evidence prior to entry of the restitution order. Circuit Court Judge Bob Wattles granted Robinson’s motion, set aside the restitution judgment, and directed the State to file a motion with exhibits and set the matter for hearing, if necessary.
Two years later, on February 25, 2009, a different judge, without conducting a hearing, entered a final judgment against Robinson in the amount of $519,677.40. Robinson appealed and claimed it was error to enter the restitution judgment contrary to Judge Wattles’ prior order setting aside the amount of restitution in order to conduct a hearing.
The State concedes that the record does not show that an evidentiary hearing was ever conducted on restitution. As a result, the State agrees that, to the extent no hearing was conducted or a stipulation obtained prior to the entry of the February 2009 judgment, Robinson’s position has merit. Accordingly, we vacate the appealed order and remand for the trial court to conduct a hearing, after notice, before imposing restitution.
ORDER VACATED and REMANDED.
GRIFFIN, COHEN and JACOBUS, JJ., concur.